UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

07 cr 723

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.  ~~DRAFT~~ |
| v. | Filed: |
| | Violation: 15 U.S.C. §1 |
| CERTIFIED SLINGS, INC., | |
| Defendant. | |

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 29 2007 ★

LONG ISLAND OFFICE

## PLEA AGREEMENT

The United States of America and Certified Slings, Inc., ("CSI ") ("defendant"), a

corporation organized and existing under the laws of Florida, hereby enter into the following

Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed.

R. Crim. P."):

## RIGHTS OF DEFENDANT

1.      The defendant understands its rights:

     (a)      to be represented by an attorney;

     (b)      to be charged by Indictment;

     (c)      to plead not guilty to any criminal charge brought against it;

     (d)      to have a trial by jury, at which it would be presumed not guilty of the

charge and the United States would have to prove every essential element of the charged

offense beyond a reasonable doubt for it to be found guilty;

(e)     to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(f)     to appeal its conviction if it is found guilty; and

(g)     to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2.     The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(f) above. The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 8 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. §3742(b)-(c). Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty at arraignment to a one-count Information to be filed in the United States District Court for the Eastern District of New York. The Information will charge the defendant with participating in a conspiracy to suppress and eliminate competition by agreeing to rig bids on U.S. Navy contracts for metal sling hoist assemblies, sold in the United States, between December of 2002 and October of 2003, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3.     The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11.

2

## POSSIBLE MAXIMUM SENTENCE

4.    The defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

(a)    $10 million (15 U.S.C. § 1);

(b)    twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c)    twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

5.    In addition, the defendant understands that:

(a)    pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b)    pursuant to §8B1.1 of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

(c)    pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

6.    The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect at the time of the offense

3

along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing

sentence. The defendant understands that the Guidelines determinations will be made by the

Court by a preponderance of the evidence standard. The defendant understands that although the

Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its

sentence must be reasonable based upon consideration of all relevant sentencing factors set forth

in 18 U.S.C. § 3553(a).

      7.    The United States and the defendant agree that the adjusted offense level under

the Guidelines is level 11, which is predicated on the attached Guidelines calculation, (Exhibit 1

to this Plea Agreement, and incorporated by reference herein, using the Guidelines effective

November 2002). The base fine is 20% of the volume of commerce, pursuant to U.S.S.G.

§2R1.1(d)(1) and §8C2.4(a) and (b). The parties agree that the affected volume of

commerce attributable to the defendant is $289,983.

## SENTENCING AGREEMENT

      8.    Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant agree

that the appropriate disposition of this case is, and agree to recommend jointly that the Court

impose, a sentence within the applicable Guidelines range requiring the defendant to pay to the

United States a criminal fine of $150,000, payable in full before the fifteenth (15th) day after the

date of judgment ("the recommended sentence"). The parties agree that there exists no

aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into

consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines

justifying a departure pursuant to U.S.S.G. §5K2.0. The parties agree not to seek or support any

sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not

set forth in this Plea Agreement. The parties further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

(a)     The defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

(b)     Both parties will recommend that no term of probation be imposed, but the defendant understands that the Court's denial of this request will not void this Plea Agreement.

(c)     The United States and the defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the defendant at the plea and sentencing hearings, and the further disclosure described in Paragraph 9, will provide sufficient information concerning the defendant, the crime charged in this case, and the defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States and defendant agree to request jointly that the Court accept the defendant's guilty plea and impose sentence on an expedited schedule as early as the date of arraignment, based upon the record provided by the defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. §6A1.1. The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

5

9. Subject to the ongoing, full, and truthful cooperation of the defendant described in Paragraph 12 of this Plea Agreement, and before sentencing in the case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's cooperation and its commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offense, and all other relevant conduct.

10. The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 8 of this Plea Agreement.

(a)    If the Court does not accept the recommended sentence, the United States and the defendant agree that this Plea Agreement, except for Paragraph 10(b) below, shall be rendered void.

(b)    If the Court does not accept the recommended sentence, the defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If the defendant withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this Plea Agreement or made in the course of plea discussions with an attorney for the government shall not be admissible against the defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410. In addition, the defendant agrees that, if it withdraws its guilty plea pursuant to this subparagraph of the Plea Agreement, the statute of limitations

6

period for any offense referred to in Paragraph 14 of this Plea Agreement will be tolled for the period between the date of the signing of the Plea Agreement and the date the defendant withdrew its guilty plea or for a period of sixty (60) days after the date of the signing of the Plea Agreement, whichever period is greater.

11. In light of the availability of civil causes of action, which potentially provide for a recovery of a multiple of actual damages, the United States agrees that it will not seek a restitution order for the offense charged in the Information.

## DEFENDANT'S COOPERATION

12. The defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the manufacture or sale of metal sling hoist assemblies, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party ("Federal Proceeding"). The ongoing, full, and truthful cooperation of the defendant shall include, but not be limited to:

(a)  producing to the United States all non-privileged documents, information, and other materials, wherever located, in the possession, custody, or control of the defendant, requested by the United States in connection with any Federal Proceeding;

(b)    using its best efforts to secure the ongoing, full, and truthful cooperation, as defined in Paragraph 13 of this Plea Agreement, of the current and former directors, officers, and employees of the defendant as may be requested by the United

7

States, including making these persons available, at the defendant's expense, for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding.

13. The ongoing, full, and truthful cooperation of each person described in Paragraph 12(b) above will be subject to the procedures and protections of this paragraph, and shall include, but not be limited to:

(a)  producing all non-privileged documents, including claimed personal documents, and other materials, wherever located,  requested by attorneys and agents of the United States;

(b)  making himself or herself available for interviews, not at the expense of the United States, upon the request of attorneys and agents of the United States;

(c)  responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(d)  otherwise voluntarily providing the United States with any non-privileged material or information not requested in (a) - (c) of this paragraph that he or she may have that is related to any Federal Proceeding;

(e)  when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C.  § 1503, *et seq.*);

8

and

(f)   agreeing that, if the agreement not to prosecute him or

her in this Plea Agreement is rendered void under Paragraph 15(c),  the statute of

limitations period for any Relevant Offense as defined in Paragraph 15(a) will be tolled as

to him or her for the period between the date of the signing of this Plea Agreement and

six (6) months after the date that the United States gave notice of its intent to void its

obligations to that person under the Plea Agreement.

## GOVERNMENT'S AGREEMENT

14.  Upon acceptance of the guilty plea called for by this Plea Agreement and the

imposition of the recommended sentence, and subject to the cooperation requirements of

Paragraph 12 of this Plea Agreement, the United States agrees that it will not bring further

criminal charges against the defendant for any act or offense committed before the date of this

Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the

manufacture or sale of metal sling hoist assemblies or obstruction of justice in relation to the

aforementioned antitrust conspiracy.  The nonprosecution terms of this paragraph do not apply to

civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of

violence.

15. The United States agrees to the following:

(a)  Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and

the imposition of the recommended sentence and subject to the exceptions noted in

Paragraph 15(c), the United States will not bring criminal charges against any current or

former director, officer, or employee of the defendant for any act or offense committed

9

before the date of this Plea Agreement and while that person was acting as a director, officer, or employee of the defendant that was undertaken in furtherance of an antitrust conspiracy involving the manufacture or sale of metal sling hoist assemblies or obstruction of justice in relation to the aforementioned antitrust conspiracy ("Relevant Offense").

(b)   Should the United States determine that any current or former director, officer, or employee of the defendant may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the defendant;

(c)   If any person requested to provide cooperation under Paragraph 15(b) fails to comply with his or her obligations under Paragraph 13, then the terms of this Plea Agreement as they pertain to that person, and the agreement not to prosecute that person granted in this Plea Agreement, shall be rendered void;

(d)   Except as provided in Paragraph 15(e), information provided by a person described in Paragraph 15(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury (18 U.S.C. § 1621), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), or obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(e)   If any person who provides information to the United States under this Plea

10

Agreement fails to comply fully with his or her obligations under Paragraph 13 of this Plea Agreement, the agreement in Paragraph 15(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case shall be rendered void;

(f)   The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence; and

(g)   Documents provided under Paragraphs 12(a) and 13(a) shall be deemed responsive to outstanding grand jury subpoenas issued to the defendant.

16.   The defendant understands that it may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of the defendant as a matter for that agency to consider before determining what administrative action, if any, to take.

## REPRESENTATION BY COUNSEL

20.   The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

## VOLUNTARY PLEA

11

21. The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

22. The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant has failed to provide full and truthful cooperation, as described in Paragraph 12 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any offense referred to in Paragraph 14 of this Plea Agreement, the statute of limitations period for such offense will be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

23. The defendant understands and agrees that in any further prosecution

12

of it resulting from the release of the United States from its obligations under this Plea Agreement, because of the defendant's violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by it or current or former directors, officers, or employees of it to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it in any such further prosecution. In addition, the defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

24.  This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

25.  The undersigned is authorized to enter this Plea Agreement on behalf of the defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this Plea Agreement.

26.  The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

27.  A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED: __11 - 29 - 07__          Respectfully submitted,


BY: _____          BY: _____
David B. Lake                MARK ROSMAN
Executive Vice-President, Administration     KATIE HELLINGS
Certified Slings, Inc.       LIZ ALOI
                             Attorneys
                             U.S. Department of Justice
                             Antitrust Division
                             1401 H Street, NW, Ste 3700
_____              Washington, D.C. 20530
Mark Horwitz                 (202) 307-6694
Counsel for Certified Slings, Inc.

14

**EXHIBIT 1**

**Certified Slings Sentencing Calculation**

**Sherman Act, 15 USC § 1**

| | | |
|---|---|---|
| (1) | Base offense level, §2R1.1(a): | 10 |
| (2) | Adjustment for Non-Comp Bid | +1 |
| | OFFENSE LEVEL | 11 |
| (3) | Base fine, §8C2.4(a)(3), §2R1.1(d)(1)<br>20% | $289,983<br>$57,996 |
| (4) | Culpability score | 5 |
| | 8C2.5(b)(4) | +2 |
| | Obstruction, §8C2.4(e) | +3 |
| | Acceptance of Responsibility | -1 |
| | | =9 |
| (5) | Minimum and Maximum Multipliers, §8C2.6<br>1.8< X< 3.6 | |
| (6) | Guidelines Range<br>$104,393 <X< $208,785 | |

15

## RESOLUTION BY THE BOARD OF DIRECTORS OF CERTIFIED SLINGS, INC. REGARDING PLEA AGREEMENT WITH THE UNITED STATES OF AMERICA

RESOLVED that DAVID B. LAKE is authorized and empowered to sign on behalf of Certified Slings, Inc. the Plea Agreement between the United States of America and Certified Slings, Inc. attached hereto as Exhibit 1.

FURTHER RESOLVED that DAVID B. LAKE is authorized to sign on behalf of the Corporation a waiver of indictment for the charges underlying the Plea Agreement.

FURTHER RESOLVED that DAVID B. LAKE is authorized to enter, on behalf of the Corporation, a plea of guilty to one (1) count of conspiracy to restrain trade in violation of the Sherman Antitrust Act, 15 U.S.C. § 1, in accordance with the terms of the Plea Agreement.

FURTHER RESOLVED that any facsimile signature on this consent shall be fully enforceable and of the same legal effect as an original signature.

Date: _October 19_, 2007

Dolores M. Worswick, Director

Douglas J. Worswick, Director

Dennis E. Worswick, Director

Nicole R. Parkerson, Director

Eric J. Worswick, Director

David B. Lake, Director

Connie B. Gahnz, Director